United States District Court
Southern District of Texas
**ENTERED**
May 15, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-14-0504 |
| v. | § | |
| | § | CIVIL ACTION NO. H-17-2557 |
| WILLIAM GUTIERREZ. | § | |

**MEMORANDUM OPINION AND ORDER**

Defendant William Gutierrez, proceeding *pro se*, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 52.) The Government filed a motion for summary judgment on December 11, 2017, and served defendant a copy at his address of record that same date. (Docket Entry No. 57.) Despite expiration of a reasonable period of time in excess of five months, defendant has failed to respond to the motion, and the motion for summary judgment is deemed uncontested.

Having reviewed the section 2255 motion, the Government's motion for summary judgment, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DENIES** the section 2255 motion for the reasons that follow.

**I. BACKGROUND AND CLAIMS**

On February 5, 2015, without a plea agreement, defendant pleaded guilty to illegal reentry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). The Court subsequently sentenced defendant on October 14, 2015, to 67 months of imprisonment, with no supervised release or fine. Defendant's direct appeal was dismissed as frivolous

pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). *See United States v. William Gutierrez*, Appeal No. 15-20595 (5th Cir. Jan. 5, 2017).

At the plea hearing, the Government recited the following facts that would have been proved at trial:

> The defendant is a citizen and national of the Republic of Honduras and not a citizen of the United States;
>
> On September 24, 1998, the defendant was convicted in Los Angeles, California, for the offense of selling, transporting a controlled substance;
>
> On September 16, 1999, the defendant was convicted in Los Angeles, California, for the offense of possession of cocaine base for sale;
>
> On . . . April 29, 2002, the defendant was convicted of the second offense of burglary in Riverside, California;
>
> On September 4, 2009, the defendant was convicted for illegal reentry of a deported alien after conviction for an aggravated felony offense in the United States District Court of Maryland;
>
> The defendant has been deported from the United States five times, with the last deportation on December 17, 2012;
>
> On July 29, 2014, the defendant was found in the United States in Houston, Texas;
>
> A record search of the defendant's A-file reveals no evidence that he had ever obtained consent from either the Attorney General or the Secretary of the Department of Homeland Security prior to reentering the United States;
>
> A fingerprint analyst examined and compared fingerprints of the defendant here in court to the warrants of deportation and conviction documents, and determined that they are the same individual.

(Docket Entry No. 47, pp. 18–20).

In response to questions from the Court, defendant stated that he understood the facts as recited by the Government and that the facts were true. *Id.*, p. 20. He further confirmed on the record in open court his understanding that the maximum sentence he faced was up to 20 years in prison, a fine of up to $250,000, three years' supervised release, and a special assessment of $100.00. *Id.*

Defendant raises the following grounds for habeas relief in the instant proceeding:

1. Trial counsel was ineffective in failing to object to the 16-level enhancement set forth in the PSR.

2. Trial counsel was ineffective in erroneously advising him that, if he pleaded guilty, he would receive the benefits of the fast-track program.

3. Applying the fast-track program benefits to his sentence would provide a more reasonable sentence.

The Government argues that these grounds have no merit and should be dismissed.

## II. LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255

is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

The pleadings of a *pro se* prisoner litigant are reviewed under a less stringent standard than those drafted by an attorney, and are provided a liberal construction. *Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, a *pro se* litigant is still required to provide sufficient facts to support his claims, and "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Accordingly, "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertion on a critical issue in his *pro se* petition . . . to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983).

## III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so

serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. 668, 687 (1984). A court need not address both components of the inquiry if the defendant makes an insufficient showing on one. *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

A counsel's performance is strongly presumed to fall within the wide range of reasonable professional assistance. *Premo v. Moore*, 562 U.S. 115, 121 (2011). To overcome that presumption, a habeas petitioner must "show that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 121–22 (internal quotations omitted). The standard for judging counsel's representation is a deferential one. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.*

Defendant contends that trial counsel was ineffective in the following instances.

A.  <u>16-Level Enhancement</u>

Defendant claims that trial counsel was ineffective in failing to object to the 16-level enhancement set forth in the PSR. According to defendant, he should have received a 12-level enhancement rather than a 16-level enhancement under U.S.S.G. § 2L.1.2(b)(1)(A)

5

because no criminal points were added under chapter four for the conviction that triggered the enhancement.

The record refutes defendant's factual allegations. The conviction underlying the section 2L1.2 enhancement – the September 16, 1999, conviction for possession/purchase of cocaine base for sale – did earn criminal history points. As shown in the PSR, the probation officer assessed three criminal history points for the 1999 conviction. (Docket Entry No. 22, ¶ 30).

Defendant presents no factual basis for ineffective assistance of counsel, and the Government is entitled to summary judgment dismissal of the claim.

B. <u>Fast-track Program</u>

Defendant next argues that trial counsel was ineffective in erroneously advising him that, if he pleaded guilty, he would receive the benefit of the fast-track program.

This argument, too, is refuted by the record; indeed, it is refuted by defendant's own statements made in open court at his plea hearing. The Court specifically asked defendant whether he had been threatened or coerced into pleading guilty, to which he replied in the negative, and verified that no one had promised him any advantage or compensation to get him to plead guilty. (Docket Entry No. 47, pp. 7–8.) At no time did defendant make any reference to any alleged promises made by trial counsel regarding a fast-track program. A defendant's solemn declarations made in open court carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Defendant has not rebutted this presumption

of verity, and his argument of being promised a fast-track program is foreclosed by his prior declarations to the contrary. *See also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).

Moreover, defendant made no reference during sentencing to fast-track program benefits. Indeed, defendant personally discussed his situation at length with the Court during sentencing. (Docket Entry No. 45, pp. 1–5.) Defense counsel provided additional background, and argued zealously in favor of her client. This Court observed defendant to be intelligent, engaged, and effective in his communications. There is no doubt in this Court's mind that, had defendant been promised benefits under a fast-track program, he would have brought it to the Court's attention.

Defendant's conclusory allegations are unsupported by probative summary judgment evidence and are refuted by the record. Defendant establishes neither deficient performance nor actual prejudice under *Strickland*, and the Government is entitled to summary judgment dismissal of this claim.

C. Fast-track Sentence

Defendant claims that applying fast-track provisions to his sentence would provide a more reasonable sentence.

To the extent that defendant is challenging his sentence because he did not benefit from a fast-track program, his claim is not cognizable in a section 2255 proceeding. *See United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation

under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255.").

Moreover, relief under section 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). As correctly argued by the Government, it is solely within the Government's discretion whether a defendant warrants a fast-track departure, and the program creates no constitutional right enforceable by a defendant. *See* Memorandum from Deputy Attorney General James M. Cole to All United States Attorneys, Department Policy on Early Disposition or "Fast–Track" Programs (Jan. 31, 2012) (the "Cole Memorandum").[1] No constitutional issue is raised.

Regardless, the Government argues that defendant would not be eligible to participate in a fast-track program under Department of Justice guidelines set forth in the Cole Memorandum. Specifically, he would be ineligible because he did not enter into a written plea agreement with the Government, had two prior convictions for violent felonies, had been deported at least five times, and was on federal supervised release when he committed the instant offense. The record supports the Government's argument.

No cognizable ground for habeas relief under section 2255 is raised, and the Government is entitled to summary judgment dismissal of this claim.

---

[1] http://www.justice.gov/dag/fast-track-program.pdf.

## IV. EVIDENTIARY HEARING

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Because the motion, files, and records in this case conclusively show that defendant is not entitled to habeas relief, no evidentiary hearing is necessary.

## V. CONCLUSION

The Court **ORDERS** as follows:

(1) The Government's motion for summary judgment (Docket Entry No. 57) is **GRANTED**.

(2) Defendant's motion to vacate, set aside, or correct his sentence under section 2255 (Docket Entry No. 52) is **DENIED**.

(3) A certificate of appealability is **DENIED**.

(4) Defendant's motion for abeyance as to his direct appeal (Docket Entry No. 49) is **DENIED AS MOOT**.

(5) The related civil case in this proceeding, C.A. No. H-17-2557, is **ORDERED ADMINISTRATIVELY CLOSED**.

Signed at Houston, Texas, on this the 15th day of May, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE